POLITZ, Circuit Judge,
dissenting:
Convinced that Exxon is a “contractor” under § 904(a) and is thus liable for Ske-toe’s injury, I must respectfully dissent.
I agree with the majority’s framing of the issue for “two contract” liability under § 904 — that a contractually obligated principal contracts with a subcontractor to perform all or part of the required duties. I also agree that the BRB unnecessarily muddled the statutory language by applying the Louisiana workers’ compensation law found in Chavers v. Exxon Corp.[1]
I differ with the majority, however, in its decision that Exxon was not contractually obligated with the United States when it leased the offshore property. First, Exxon was contractually obligated to perform drilling activities under its lease with the Department of the Interior if it wished to retain the lease. Section three of the lease, entitled “Obligations of Lessees,” states that Exxon is required to pay a delay rental every year to the United States prior to the production of oil or gas.[2] The lease was for a period of five years, or so long as oil or gas is produced in paying quantities. Thus, the lease would be terminated if oil or gas was not produced in paying quantities during and after this five-year period.
Exxon also was contractually obligated to drill because of Louisiana Mineral Code provisions specifically requiring a mineral lessee to develop leased property as a reasonably prudent operator for the mutual benefit of both parties. Section 122 of the Louisiana Mineral Code, La.Rev.Stat. § 31:122, is entitled “Lessee’s obligation to act as reasonably prudent operator” and reads as follows:
A mineral lessee is not under a fiduciary obligation to his lessor, but he is bound to perform the contract in good faith and to develop and operate the property leased as a reasonably prudent operator for the mutual benefit of himself and his lessor. Parties may stipulate what shall constitute reasonably prudent conduct on the part of the lessee.
The comments under this article, which are there to aid the understanding and application of the article, are particularly *606 helpful in resolution of Exxon’s obligation under the mineral lease at bar. These comments detail how the doctrine of implied covenants under common law is found under the Civil Code, directing one through article 2710 requiring a lessee to be a “good administrator”[3] and noting the jurisprudence in the mineral field translating this into a “reasonable, prudent operator.” [4]
The comments continue with a listing of the four obligations of a prudent operator: (1) the obligation to develop known mineral producing formations; (2) the obligation to explore and test all portions of the leased premises after discovery of minerals in paying quantities; (3) the obligation to protect the leased property against drainage by wells located on neighboring property; and (4) the obligation to produce and market minerals discovered in paying quantities. Each of the four obligations is posited in the setting of a “reasonable, prudent operator.”
By relegating these duties to be mere incidents of ownership, the majority ignores both the explicit obligations under Exxon’s contract, as well as the implicit obligations as a reasonably prudent operator under the Louisiana Mineral Code and interpretive jurisprudence. It is a simple fact that Exxon had contractual duties that it in turn passed on to Dolphin Titan. This is all that § 904(a) requires.
The majority’s position also contravenes the purpose underlying contractor liability in § 904(a). The purpose of this section is to
protect injured employees engaged in a common enterprise from the irresponsible failure of their immediate employer to insure. By imposing secondary liability on the general employer or contractor, the provision deters unscrupulous employers from dividing their work among a number of smaller, uninsured entities, and creates an incentive for the general employer to insist that his subcontractors be adequately insured.[5]
My conclusion that Exxon is a “contractor” fulfills these purposes. Exxon is in a superior bargaining position to ensure that its subcontractors carry the requisite authorized insurance. Its failure to assure that Dolphin Titan had authorized insurance is at the essential core of the current dispute. The policies underlying secondary contractor liability fully warrant placement of liability upon Exxon.
Because Exxon is contractually obligated to drill and in turn contracted with Dolphin Titan to perform that drilling on its behalf, I would conclude that Exxon is a “contractor” responsible for compensation under § 904(a) and that the Benefits Review Board erred in denying Sketoe’s claim against Exxon. Accordingly, I must respectfully dissent.

. 716 F.2d 315 (5th Cir.1983).

. Section 3(a)(1) of the lease states that the lessee agrees ''[w]ith respect to each lease year commencing prior to a discovery of oil or gas on the leased area, to pay the Lessor on or before the first day of each such year, a rental of $3.00 per acre or fraction thereof.”

. La. Civ.Code art. 2710.

. See, e.g., Carter v. Arkansas Louisiana Gas. Co., 213 La. 1028, 36 So.2d 26 (1948).

.Director, OWCP v. National Van Lines, Inc., 613 F.2d 972, 986 (D.C.Cir.1979).